IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICK J. MENE through his
Guardian, Robin Mene,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL,
INC. d/b/a The Ritz-Carlton Hotel
Company, THE PRUDENTIAL
INSURANCE COMPANY OF
AMERICA and SUE
STEVENSON,

    Defendants.

:
:
:
:
:
:
:
:
:
:   CIVIL ACTION NO.
:   1:05-CV-302-RWS
:
:
:
:
:
:
:
:
:

## **ORDER**

Now before the Court are Defendant Marriott International, Inc. and Defendant Sue Stevenson's ("Marriott Defendants") Motion for Leave to File Motion for Judgment on the Pleadings [51]; Plaintiff's Motion for Extension of Time to Obtain Counsel and Remove Lien [94]; Defendant Prudential's Motion to Compel Discovery Responses [96]; Marriott Defendants' Cross Motions for Sanctions [99]; Defendant Prudential's Motion for Sanctions [100]; Defendant

AO 72A
(Rev.8/82)

Prudential's Motion for Order Shortening Time for Plaintiff to Respond to Prudential's First Requests for Admissions [101]; Marriott Defendants' Second Motion to Compel Discovery [104]; and Marriott Defendants' Motion for Enlargement of Time for filing Motions for Summary Judgment [105].  After considering the entire record, the Court enters the following Order.

## Background

Plaintiff, Patrick Mene, by and through his Guardian Robin Mene (collectively "the Menes"),[1] brought this ERISA action to recover payment of benefits allegedly due to him under the terms of a long-term disability plan offered by his employer, Marriott International, Inc. d/b/a The Ritz Carlton Hotel Company.  The motions presently before the Court deal primarily with Defendants' continued inability to obtain deposition testimony and other discovery from the Menes.  The relevant facts surrounding Plaintiff's failure to comply with Defendants' discovery requests, as well as this Court's Orders regarding the same, are as follows.

On August 2, 2005, more than eight months ago, Defendants first served

---

[1] Although this action is brought by Plaintiff Patrick Mene through his Guardian Robin Mene, Defendants seek deposition testimony and other written discovery from both individuals.  As such, the Court will refer to the Menes collectively throughout this Order.

the Menes with a copy of Defendants' Notice of Deposition.  (See Cert. of Service [34].)  Although the depositions were originally scheduled to occur in September 2005, for the Menes' convenience, these depositions were rescheduled for Saturday, October 15, 2005.  (See First Mot. to Compel [81-2 ¶ 1, Cert. of Service [46].)  On October 13, 2005, however, Defendants were notified by Plaintiff's counsel that the Menes would not attend their deposition (see First Mot. to Compel Ex. 4 [89-7]), and by agreement of counsel, the depositions were rescheduled for Saturday, November 12, 2005.  (See id. Ex. 5 [89-8].)  During the interim period, the parties engaged in settlement negotiations, and counsel reached a settlement agreement.  (Mot. to Withdraw as Attorney [72-1] ¶ 2.)  Before settlement was consummated, however, Plaintiff withdrew settlement authority and, as a result, on November 11, 2005, Plaintiff's counsel moved to withdraw from representation.  (Id.)  On November 16, 2005, the Court granted counsel's motion to withdraw and Ordered that the Menes be protected from scheduling their depositions until after the date of that Order.  (Order of Nov. 16, 2005 [74].)

On November 22, 2005, Defendants served the Menes with a Second Revised Notice of Deposition for December 8, 2005.  (See Cert. of Service

3

[77].)  On December 6, 2005, however, Robin Mene informed Defendants' counsel that, again, the Menes would not appear for their depositions.  (See Mot. to Compel to Appear for Deposition Ex. 7 [81-10].)  Defendants yet again offered to reschedule the depositions for any one of a number of dates, but the Menes refused to appear on any of these dates.  (See id.)  Finally, on December 19, 2005, when it became clear that the Menes would not appear, Defendants moved to compel the Menes' attendance.  On January 5, 2006, the Court granted Defendants Motion to Compel and Ordered that the Menes appear for their depositions on January 12, 2006.  (Order of Jan. 5, 2006 [83] at 1.)

On January 8, 2006, counsel for Defendants contacted Robin Mene to confirm that she and her husband would comply with the Court's January 5, 2006 Order. (See First Mot. for Sanctions Ex. 1, 2 [89-3, -4].)  During this call, Robin Mene informed Defendants that they had been unable to secure new counsel, and refused to state whether they would appear for their depositions. (See id.)  On January 10, 2006, the Menes filed a Motion for Extension of Time, requesting that they be granted an additional sixty days to secure new counsel and that they be protected from appearing for any deposition until new counsel could be retained.  (See Pl.'s Mot. for Extension of Time for 60 Days to Secure

4

New Counsel [86] at 1.)  The Court did not immediately grant Plaintiff's Motion–filed a mere two days before their noticed deposition.  Nevertheless, without this Court's approval and despite the Court's Order requiring their attendance, the Menes failed to appear for their depositions.  (See First Mot. for Sanctions [89-2] ¶ 16.)

Based on the Menes' failure to appear for their January 12, 2006 depositions, on January 31, 2006, Defendants filed their First Motion for Sanctions, requesting that the Court dismiss this action with prejudice, or, in the alternative, reopen discovery for the limited purpose of requiring the Menes to appear and be deposed.  (See id. at 6-8.)  On February 7, 2006, the Court entered an Order which denied Defendants' request for dismissal, but granted Defendants' request for additional discovery.  (Order of Feb. 7, 2006 [91] at 2.)  Under the terms of that Order, the Court granted Plaintiff an extension of time through February 28, 2006 to obtain new counsel.  (Id.)  Discovery was to recommence on March 1, 2006, and the Menes were "**ORDERED** to appear for deposition at such time as may be reasonably noticed by Defendants."  (Id. (emphasis in original).)

Defendants once again move for sanctions and seek, inter alia, dismissal

of Plaintiff's case with prejudice.  For the reasons that follow, Defendants' request is granted.

## Discussion

**I.    Sanctions Under Rule 37**

Federal Rule of Civil Procedure 37 provides, in pertinent part,

> If a party . . . fails to obey an order to provide or permit discovery . . ., the court in which the action is pending may make such orders in regard to the failure as are just, and among others are the following:
> . . .
> (C) An order striking out pleadings or parts thereof . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> . . .
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).  "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process," Gratton v. Great American Communications, 178 F.3d 1373, 1375 (11th Cir. 1999), and the district court has broad discretion to control discovery and

6

fashion the appropriate sanction.  See Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993).

Under the plain language of Rule 37, a district court may dismiss an action for a party's failure to comply with an order of the court to permit discovery or satisfy a sanction.  Fed. R. Civ. P. 37(b)(2)(C).  However, dismissal with prejudice is a "drastic sanction" which should be only be implemented "as a last resort."  Gratton, 178 F.3d at 1375.  Accordingly, a district court may dismiss an action with prejudice only where "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice."  World Thrust Films, Inc. v. Int'l. Family Entm't., Inc., 41 F.3d 1454, 1456 (11th Cir. 1995) (citing Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

**II.    Plaintiff's Case Should be Dismissed With Prejudice**

   **A.    Willful contempt of the Court's discovery orders**

This matter has been pending before this Court for a period of more than one year.  During this time, Defendants have been utterly stymied in their attempts to obtain discovery–and more specifically, deposition testimony–from

7

the Menes. A review of the record indicates that Defendants have made every effort to accommodate the Menes, including formally rescheduling their depositions on numerous occasions, scheduling depositions to occur on Saturdays, and repeatedly offering the Menes alternate dates to be deposed. By virtue of Plaintiff's conduct, Defendants have been forced seek Court intervention numerous times–twice requesting, and obtaining, an Order from this Court requiring the Menes to appear and be deposed, and twice moving for sanctions when the Menes failed to appear. Despite these efforts, the Menes continue to refuse to attend duly noticed depositions.

Moreover, and more troubling to the Court, the Menes have willfully refused to appear and be deposed despite being expressly required to do so by Orders of this Court. In its Order granting Defendants' First Motion to Compel, the Court expressly required the Menes to appear and be deposed on January 12, 2006 and awarded Defendants costs and attorney's fees associated with bringing that motion. (See Order of Jan. 5, 2006 [83] at 1.) Notwithstanding the Court's Order requiring their attendance, and the fact that the Menes were ordered to pay Defendants' costs and fees associated with compelling their attendance, the Menes refused to appear. Based on this failure,

Defendants moved for sanctions and requested that the Court dismiss the action with prejudice.  Although the Court denied Defendants' request to dismiss the case at that time and granted Plaintiff an additional one-month extension of time to secure new counsel, the Court again Ordered the Menes to appear and be deposed, stating "[D]iscovery shall recommence on March 1 and end on March 31, 2006.  Plaintiff is hereby **ORDERED** to appear for deposition at such time as may be reasonably noticed by Defendants." (Order of Feb. 7, 2006 [91] at 2 (emphasis in original).)  Defendants noticed the Menes' depositions pursuant to the Court's Order, and again, the Menes failed to appear.  Such repeated, willful disregard for the Court's discovery Orders will not be tolerated.

The Menes have had more than five months to retain counsel, and yet, they have failed to do so.  Defendants are clearly entitled to the discovery they seek and the Court cannot and will not indefinitely stay this action–an action initiated by Plaintiff–while the Menes attempt to secure representation.  To be sure, the Court appreciates the Menes' desire to be represented by counsel at their depositions. The Menes' desire to have counsel present during the depositions, however, does not in any way provide a basis for refusing to appear and be deposed in the absence of a protective Order from this Court.

9

Additionally, the Court recognizes that in each instance where the Menes have failed to appear as Ordered, they filed a request for protection with the Court prior to refusing to appear.  However, the Court will not excuse the Menes again for failing to comply with the Orders of the Court based on their eleventh-hour requests for protection.  In each instance, the Menes sought protection from being deposed mere days before the depositions were scheduled to occur–the first time filing their request two days before the date of the depositions, and the second time filing the request only one day prior.  In each instance, purportedly on the basis of these requests, the Menes failed to appear.  But, in neither case did the Court grant the Menes' request <u>before</u> they unilaterally decided not to attend a deposition expressly ordered by the Court.  Although the Court, out of leniency, granted the Menes' first request, in essence, <u>nunc pro tunc</u>, they were not entitled to assume that such requests would be granted.  On both occasions, at the time the Menes made the affirmative decision not to appear as Ordered, they did so in the face of a Court Order requiring their attendance.  In the absence of an Order from the Court expressly allowing the Menes to refuse to appear, their intentional refusal to comply with the Court's discovery Orders constitutes willful conduct sufficient

to warrant dismissal.

### B.     Lesser sanctions not appropriate

Finally, the Court concludes that lesser sanctions would not suffice. The Court imposed monetary sanctions based on the Menes' refusal to appear at their depositions when it awarded Defendants' their costs and fees associated with bringing their First Motion to Compel. This award proved of no avail, as the Menes continue to refuse to be deposed. This refusal has inconvenienced Defendants by forcing them to file numerous motions and to re-notice their depositions, and imposed significant, and in the Court's view, unfair costs on Defendants associated with defending this action. What is more, this refusal to appear notwithstanding the prior imposition of sanctions has demonstrated an obstinance and disregard for this Court's discovery Orders which convinces this Court that dismissal is appropriate.

## Conclusion

For the above-stated reasons, Marriott Defendants' Cross Motions for Sanctions [99] and Defendant Prudential's Motion for Sanctions [100] are hereby **GRANTED** and this action is hereby **DISMISSED with prejudice**. Plaintiff's Motion for Extension of Time to Obtain Counsel and Remove Lien

11

[94] is **DENIED**.  Marriott Defendants' Motion for Leave to File Motion for Judgment on the Pleadings [51]; Defendant Prudential's Motion to Compel Discovery Responses [96]; Defendant Prudential's Motion for Order Shortening Time for Plaintiff to Respond to Prudential's First Requests for Admissions [101]; Marriott Defendants' Second Motion to Compel Discovery [104]; and Marriott Defendants' Motion for Enlargement of Time for filing Motions for Summary Judgment [105] are **DENIED as moot**.

      **SO ORDERED** this  19th  day of April, 2006.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE